**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARK D. BERGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-cv-00381-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, *sued* | ) | |
| *as Nancy A. Berryhill, Acting* | ) | |
| *Commissioner of SSA*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On December 14, 2017, this Court entered an Opinion and Order reversing the

Commissioner's decision and remanding the case to the Commissioner for further proceedings.

(DE 23). On March 13, 2018, Plaintiff Mark D. Bergner filed the instant motion to recover

attorney's fees in the amount of $7,143.00 for 37.4 hours of billed time at a rate of $191.00 per

hour under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with

supporting documents. (DE 26; DE 26-1; DE 26-2).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall
> award to a prevailing party other than the United States fees and
> other expenses . . . incurred by that party in any civil action . . . ,
> including proceedings for judicial review of agency action,
> brought by or against the United States in any court having
> jurisdiction of that action, unless the court finds that the position of
> the United States was substantially justified or that special

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Commissioner did not file a response, and its time to do so has now passed.  N.D. Ind. L.R. 7-1(d)(2)(A).

Therefore, the Court GRANTS Bergner's motion for attorney's fees under the EAJA in the amount of $7,143.00.  (DE 26).  Accordingly, it is ORDERED that an award of attorney's fees in the sum of $7,143.00 shall be paid by the Commissioner to Bergner.  Any fees paid belong to Bergner and not his attorney and may be offset to satisfy any pre-existing debt that Bergner owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).  If counsel for the Commissioner can verify that Bergner does not owe any pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Bergner's counsel pursuant to the Federal District court Fee Agreement (DE 26-1 at 10-11) executed by Bergner and his counsel.

SO ORDERED.

Entered this 3rd day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge